**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **SHELBY HOUSE APARTMENTS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:25-cv-01039** |
| | ) | |
| **v.** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Newbern** |
| **ANTHONY GREENE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION & ORDER**

On August 8, 2025, the defendant, Anthony Greene, filed an appeal in the First Circuit Court for Davidson County, Tennessee, case number 25C2217, of an eviction action resulting in a judgment against the defendant, case number 25GT7554.[1]

On September 15, 2025, the defendant filed in this court a Notice of Removal (Doc. No. 1) of his appeal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. The defendant alleges this action arises under The Fair Housing Act, 42 U.S.C. §§ 3601 *et seq*.; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and 24 C.F.R. §§ 982.310, and 982.552 through 982.555. (*Id*. at PageID# 1).

## I. PROCEDURAL HISTORY

Along with the Notice of Removal (Doc. No. 1), the defendant filed an Application for Leave to Proceed In Forma Pauperis ("IFP application") (Doc. No. 2) on September 15, 2025. Three days later, the defendant filed an Emergency Motion for Temporary Restraining Order to Stay Execution of Writ of Possession ("TRO motion") (Doc. No. 9).

[1] The court takes judicial notice of publicly available information about the defendant's underlying state court case. *See* https://caselink.nashville.gov/public/ (last visited on Aug. 13, 2026).

On September 24, 2025, the court granted the IFP application and denied without prejudice the TRO motion as procedurally noncompliant. (Doc. No. 11 at 2, 4-5). Because the defendant failed to provide the court with a "copy of all process, pleadings and other orders served upon such defendant . . ." as required by 28 U.S.C. § 1446(a), the court ordered the defendant to cure the procedural defects no later than 14 days of the entry of the court's order, making his submissions due no later than October 8, 2025. (*Id.* at 2-3).

The defendant complied with the court's order in a timely manner by filing various state court documents on October 8, 2025 (Doc. Nos. 14, 14-1), as well as an Amended Notice of Removal (Doc. No. 13). The Amended Notice of Removal serves as the operative notice.

Pending before the court are the following motions filed by the defendant: (1) Motion to Enforce Prior State Court Sanctions Order and for Entry of Damages (Doc. No. 7); (2) Motion for Appointment of Counsel and Request for Assistance in Presenting Claims (Doc. No. 16); (3) Motion to Compel (Doc. No. 17); and (4) Motion for Extension of Time (Doc. No. 20). Prior to the court's consideration of these motions, the court must first consider whether removal was proper.

## II. INITIAL REVIEW

A. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." A notice of removal of a civil action or proceeding must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," or, in

the alternative, "within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

"The right of removal of a suit from state court to federal court is a statutory right." *Regis Assocs. v. Rank Hotels (Mgmt.), Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) (citing 28 U.S.C. § 1441). The litigant seeking removal of the state court case bears the burden of demonstrating their right to removal, *Byrd v. Tenn. Wine and Spirits Retailers Ass'n*, No. 3:16-cv-02738, 2017 WL 67993, at *3 (M.D. Tenn. Jan. 6, 2017), and also bears the burden of demonstrating that the district court has original jurisdiction over the action, *Watson v. Cartee*, 817 F.3d 299, 303 (6th Cir. 2016).

Because removal actions implicate federalism concerns, removal petitions are strictly construed, and all doubts are resolved against removal of the action. *Gooden v. Unum Life Ins. Co. of America*, 181 F. Supp. 3d 465, 470 (E.D. Tenn. Mar. 30, 2016); *Hughen v. BHG Nashville #1, LLC*, No. 3:20-cv-00236, 2020 WL 2557961, at *3-4 (M.D. Tenn. May 20, 2020).

B. <u>STATEMENT OF FACTS</u>

On July 8, 2025, the plaintiff, Shelby House Apartments, LLC, initiated against the defendant a state court case in the General Sessions Court of Nashville and Davidson County, number 25GT7554, claiming the right to the possession of property within which the defendant was presiding at the time. (Doc. No. 14-1 at 145); *see* https://caselink.nashville.gov/public/ (last visited on Aug. 13, 2026). The defendant was served in that case on July 11, 2025. (Doc. No. 14-1 at 22); s*ee* https://caselink.nashville.gov/public/ (last visited on Aug. 13, 2026). The General Sessions Court entered its judgment against the defendant on August 7, 2025. (Doc. No. 14-1 at 2-4); *see* https://caselink.nashville.gov/public/ (last visited on Aug. 13, 2026). The defendant appealed the judgment on August 8, 2025, creating a separate state court case, number 25C2217,

in the First Circuit Court for Davidson County, Tennessee. (Doc. No. 14-1 at 1). The defendant filed in this court a Notice of Removal of the state appeal case on September 15, 2025, (Doc. No. 1), and later filed an Amended Notice of Removal (Doc. No. 13) on October 8, 2025, in compliance with this court's order (Doc. No. 11).

C. ANALYSIS

*i. Amended Notice of Removal (Doc. No. 13)*

In the defendant's Amended Notice of Removal, the defendant contends that removal is proper because the case presents "substantial federal questions and claims arising under federal law," such as violations of the Fair Housing Act, the Americans with Disabilities Act, and "related federal housing laws." (Doc. No. 13 at 1, 3). The defendant states he "has suffered severe and continuing harm, including loss of federally subsidized housing and deprivation of due process under the Fifth and Fourteenth Amendments." (*Id.* at 3). The defendant asks that this court accept the Amended Notice of Removal as in compliance with the court's prior order entered on September 24, 2024 (Doc. No. 11); retain jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367; stay all related state court proceedings; declare void any state court actions that have occurred following the filing of the instant case; and grant any further relief as the court deems just and proper. (Doc. No. 13 at 4).

*ii. Discussion*

a. Constructive Waiver

Preliminarily, the defendant has constructively waived his right to removal by virtue of his intensive participation in the original state court case. "[A] defendant may constructively waive the right to remove by taking substantial action in state court that manifests a willingness to litigate on the merits." *Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 761 (6th Cir. 2016).

Not only was a judgment issued in the original state court case (Doc. No. 14-1 at 2-4), but the defendant took substantial action in that case prior to the judgment by way of filing multiple documents, including an Affidavit of Judicial Misconduct and Denial of Due Process; a Motion for Immediate Relief, Rent Freeze, Reimbursement, and Sanctions Pending Transfer; a Motion for Emergency Stay of Eviction; a Motion to Transfer to Circuit Court; a Motion for Continuance; and a Uniform Civil Affidavit of Indigency, just to name a select few (Doc. No. 14-1 at 5-6, 9-13, 15-16). The filings alone demonstrate substantial action taken by the defendant in the state court case and establish constructive waiver by the defendant, subjecting this case to remand. This court may also remand the case for additional reasons as explained below.

b. *Rooker-Feldman* Doctrine

The defendant attempts to remove to this court his appeal of the original state court case and judgment. (*See* Doc. No. 13). The court recognizes that 28 U.S.C. § 1441(a) provides that a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." However, district courts are generally barred by the *Rooker-Feldman* doctrine from acting as appellate courts, which is essentially what defendant is asking of this court in the instant case.

"The *Rooker-Feldman* doctrine is derived from two Supreme Court cases which establish that 'lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings.' " *Pieper v. American Arbitration Ass'n, Inc.*, 336 F.3d 458, 460 (6th Cir. 2003) (quoting *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002)). The Sixth Circuit has summarized the purpose of the doctrine as being to prevent " 'a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment [in the lower federal courts] based on the losing party's claim that the state judgment itself violates the

loser's federal rights.' " *Id.* (quoting *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002)).

The United States Supreme Court in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.* explained that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. 280, 284 (2005). Historically, the Sixth Circuit has relied upon the Supreme Court's guidance and "applied the doctrine only when a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006).

Although this case involves questions of federal law triggering the court's original jurisdiction, it appears these specific circumstances fit the description as set forth by the Supreme Court in *Exxon Mobil*, rendering the *Rooker-Feldman* doctrine applicable. The defendant is bringing the instant case to this court after losing his original case in state court. (*See* Doc. No. 13; Doc. No. 14-1 at 1-4). The defendant complains of injuries – the deprivation of his property and liberty without due process – caused by the state court's judgment that was rendered prior to the commencement of the instant case. (Doc. No. 13 at 3). The defendant, in essence, invites this court to review and/or reject the state court's judgment by way of removing the appeal of that judgment to this court.

The defendant makes no arguments in his Amended Notice of Removal (Doc. No. 13) as to why the court should not remand pursuant to the *Rooker-Feldman* doctrine. Furthermore, the proper case for the defendant to have removed to this court was the original state court action, number 25GT7554, during its pendency. For the reasons stated above, and because all doubts are resolved against removal of the action, the instant case is subject to remand.

c. Timeliness

Even if the *Rooker-Feldman* doctrine were inapplicable, the defendant's filing of the Notice of Removal (Doc. No. 1) was untimely. For the Notice of Removal to have been timely filed, the defendant must have filed it "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which [the] action . . . [was] based," or, in the alternative, "within 30 days after the service of summons upon the defendant if such initial pleading [had] then been filed in court and [was] not required to be served on the defendant, whichever period [was] shorter." 28 U.S.C. § 1446(b)(1).

Based on the exhibits provided by the defendant on October 8, 2025, as well as the court's own research, the initial pleadings in the original case, number 25GT7554, were filed on July 8, 2025, and the defendant was served in that case on July 11, 2025. (Doc. No. 14-1 at 22, 145); see https://caselink.nashville.gov/public/ (last visited on Aug. 13, 2026). The defendant filed the Notice of Removal 66 days later on September 15, 2025, after the appeal of the case, rendering the filing of the Notice of Removal untimely (Doc. No. 1).

For those reasons, as well as for the reasons stated in sections a. and b. above, this case will be remanded.

## III. CONCLUSION

This case is hereby **REMANDED** to the First Circuit Court for Davidson County, Tennessee, from whence it was removed.

As a result, the defendant's Motion to Enforce Prior State Court Sanctions Order and for Entry of Damages (Doc. No. 7), Motion for Appointment of Counsel and Request for Assistance in Presenting Claims (Doc. No. 16), Motion to Compel (Doc. No. 17), and Motion for Extension of Time (Doc. No. 20) are **DENIED AS MOOT**.

Although the instant case is remanded, this court acknowledges the existence of a pending case the defendant initiated in this court against the plaintiff, Shelby House Apartments, LLC. *See Greene v. Shelby House Apartments, LLC, et al.*, Case No. 3:25-cv-01028 (M.D. Tenn. 09/12/2025) (Trauger, J.). The circumstances surrounding that case originate from the same state court eviction proceedings as relevant to the instant case, providing the defendant with the current ability to seek recourse for the issues that fail here.

Because an appeal would not be taken in good faith, the defendant is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge